Carolyn Perkins, Esq. (13469)
Law Offices of Carolyn Perkins
P.O. Box 52704
Salt Lake City, Utah 84106
Telephone: (801) 405-9954
E-mail: cperkins@12law.com

Lawrence A. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505
Email: Lfuller@fullerfuller.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN FISHER, Individually, and ACCESS 4 ALL, INC., a Florida Non-Profit Corporation, | |
| Plaintiffs, | **COMPLAINT** (Injunctive Relief Demanded) |
| vs. | |
| 5151 WILEY POST WAY, SALT LAKE CITY, LLC, a Foreign Limited Liability Company, | Case No.: |
| Defendant. | |

Plaintiffs, STEVEN FISHER, Individually, and ACCESS 4 ALL, INC., a Florida Non-Profit Corporation, on their behalf and on behalf of all the mobility impaired individuals similarly situated (sometimes referred to as "Plaintiffs") hereby sue the Defendant, 5151

WILEY POST WAY, SALT LAKE CITY, LLC, a Foreign Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, STEVEN FISHER, is an individual who resides in Stansbury Park, Utah, in the County of Tooele.

2. Plaintiff, ACCESS 4 ALL, INC., is a non-profit corporation formed under the laws of the State of Florida. ACCESS 4 ALL, INC. maintains its principal office in the County of Los Angeles.

3. Defendant's property, DoubleTree by Hilton Hotel Salt Lake City Airport, is located at 5151 Wiley Post Way, Salt Lake City, Utah, 84116 in the County of Salt Lake.

4. Venue is properly located in the District of Utah because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. §2201 and §2202.

6. Plaintiff, Steven Fisher has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

7. Plaintiff Steven Fisher is a Utah resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Mr. Fisher has cancer in his spine, and four

metal rods in place to hold the cadaver bone in his back. He frequently needs to use a wheelchair for mobility.

8. Plaintiff, ACCESS 4 ALL, INC. is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

9. Steven Fisher of Access 4 All, Inc., has visited the property on December 20 through December 21, 2018, which forms the basis of this lawsuit and plans to return to the property once the barriers to access are corrected, and the facility become fully accessible.

10. Steven Fisher of Access 4 All, Inc., has encountered architectural barriers at the subject property which have endangered his safety, as set forth in paragraph 14 herein.

11. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is a property known as DoubleTree by Hilton Hotel Salt Lake City Airport, and is located at 5151 Wiley Post Way, Salt Lake City, Utah 84116.

12. Access 4 All, Inc. and one or more of its members, including Steven Fisher, have

a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the properties as described but not necessarily limited to the allegations in paragraph 14 of this Complaint. Plaintiffs have reasonable grounds to believe that user members will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiffs desire to visit the subject property not only to avail themselves of the goods and services available at the property but to assure themselves that the property is in compliance with the ADA so that the individual Plaintiff, the disability group and others similarly-situated will have full and equal enjoyment of the properties without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff, and one or members of the Plaintiff organization, by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. *12182 et seq.

14. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of DoubleTree by Hilton Hotel Salt Lake City Airport has shown that violations exist. These violations that Steven Fisher has personally observed or encountered, and which were verified by an ADA expert, include, but are not limited to:

### Parking

a) There is no accessible route to the street and sidewalk from the hotel which violates ADAAG and 2010 ADAS requirements. This condition prevented the Plaintiff, Fisher, safe access to the subject property.

4

b) The signs are below required height and violates the ADAAG and 2010 ADAS requirements. This condition made it difficult to identify accessible parking spaces.

c) Access aisle lead to abrupt changes of level which violates the ADAAG and 2010 ADAS requirements. This condition almost caused Plaintiff to fall out of his wheelchair.

d) Slopes in spaces and aisles violate the ADAAG and 2010 ADAS requirements. This condition almost caused the Plaintiff to fall out of his wheelchair.

e) The pedestrian access routes are in disrepair with dangerous charges of level and slopes which violates the ADAAG and 2010 ADAS requirements. This condition created a clear and present danger to the Plaintiff.

## Entrance Access and Path of Travel

f) Doors are not located on compliant accessible routes which violate the ADAAG and 2010 ADAS requirements. This condition made access difficult for Plaintiff.

## Access to Goods and Services

h) The laundry room folding tables are above the maximum allowable heights and violate the ADAAG and the 2010 ADA Standards requirements. This condition makes the folding tables out of reach to the Plaintiff.

i) The dryers obstruct maneuvering space to exit the laundry room which is in violation of the ADAAG and the 2010 ADAS requirements. This condition makes it difficult to exit the laundry room without assistance.

j) The courtyard is inaccessible to those in wheelchairs with abrupt changes of levels and cross slopes which is in violation of the ADAAG and the 2010 ADAS requirements. This condition prevented access to the Plaintiff.

k) The vending machine lacks approachable space which violates the ADAAG and the 2010 ADAS requirements. This condition prevents access to the Plaintiff.

l) The fitness center does not provide a clear route to approach all elements which violates the ADAAG and the 2010 ADAS requirements. This condition prevented access to the Plaintiff.

m) The fitness centers emergency phone is beyond reach and is in violation of the ADAAG and the 2010 ADAS requirements. This condition prevents access to the Plaintiff.

n) The fitness centers locker room is in accessible and is in violation of the ADAAG and the 2010 ADAS requirements. This condition prevents access to the Plaintiff.

o) The fitness center lacks maneuvering space for those in wheelchairs to exit which violates the ADAAG and the 2010 ADAS requirements. This condition prevented the Plaintiff from exiting the fitness center without assistance.

p) The spa controls and emergency phone are beyond reach which is in violation of the ADAAG and the 2010 ADAS requirements. This condition prevented access by the Plaintiff without assistance.

q) Access to the spa has ramps but do not have handrails, which is in violation of the ADAAG and the 2010 ADAS requirements. This condition can create a hazard to the Plaintiff.

r) The exterior tables lack knee and toe clearance which violates the ADAAG and the 2010 ADAS requirements. This condition prevents the use by the Plaintiff.

s) The boarding pass center is inaccessible and violates the ADAAG and the 2010 ADAS requirements. This condition prevented access to the Plaintiff.

t) The fire alarm pull handle is beyond reach and violates the ADAAG and the 2010 ADAS requirements. This condition created a danger condition for the Plaintiff.

u) The basketball court is inaccessible with ramps obstructed by change of level and a pole and violates the ADAAG and the 2010 ADAS requirements. This condition prevented access to the Plaintiff.

### Access to Common Area Restrooms

v) The water closet in the pool area is wholly inaccessible and violates the ADAAG and the 2010 ADAS requirements. This condition prevented access to the Plaintiff.

w) The fitness center lacks maneuvering space to exit which violates the ADAAG and the 2010 ADAS requirements. This condition prevented the Plaintiff from exiting without assistance.

x) The water closets center line is greater than 22" and the seat height is less than 15" which is in violation of the ADAAG and the 2010 ADAS requirements. This condition prevented the use by Plaintiff.

y) The rear grab bar is 24" which violates the ADAAG and the 2010 ADAS requirements. This condition prevents the use by the Plaintiff.

z) The grab bars are mounted below 23" and are obstructed by mounted objects, which violate the ADAAG and the 2010 ADAS requirements. This condition prevents the use by the Plaintiff.

aa) The paper towel dispenser, mirror and coat hook are beyond allowable limits and violates the ADAAG and the 2010 ADAS requirements. This condition prevents access to the Plaintiff.

### Access to Guestroom Areas

bb) The accessible guestroom lacks maneuvering space to exit and is in violation of the ADAAG and the 2010 ADAS requirements. This condition made it difficult to exit the guestroom without assistance.

cc) The lavatory is greater than 33" above finished floor which violates the ADAAG and the 2010 ADAS requirements. This condition made it difficult for Plaintiff to use the lavatory.

dd) The mirror in the guestroom lavatory is greater than 40" above finished floor which violates the ADAAG and the 2010 ADAS requirements. This condition made it difficult to use the mirror in the guestroom lavatory.

ee) The accessible lacks required knee and toe space which violates the ADAAG and the 2010 ADAS requirements. This condition prevented us by the Plaintiff.

ff) There is no insulation provided in the accessible guestroom area which violates the ADAAG and the 2010 ADAS requirements. This created a hazardous condition to the Plaintiff.

gg) The accessible guestroom lacks space to exit and is in violation of the ADAAG and the 2010 ADAS requirements. This condition made it difficult for Plaintiff to exit without assistance.

hh) The water closet grab bars are improperly designed and violate the ADAAG and the 2010 ADAS requirements. This condition impaired the ability of Plaintiff to use grab bars.

ii) The toilet paper is improperly located and is in violation of the ADAAG and the 2010 ADAS requirements. This condition makes access to the toilet paper difficult for the Plaintiff.

jj) The shower lacks seat and is improperly designed and is in violation of the ADAAG and the 2010 ADAS requirements. This condition prevented the Plaintiff from taking a shower.

kk) The shower hose is beyond reach and is in violation of the ADAAG and the 2010 ADAS requirements. This and other conditions prevented Plaintiff from using the shower.

ll) The water closet seat is less than 16" above finished floor which violates the ADAAG and the 2010 ADAS requirements. This condition made it difficult for Plaintiff to use the water closet.

mm) The patio is inaccessible and there is a change of level at the door which violates the ADAAG and the 2010 ADAS requirements. This condition prevented access by Plaintiff.

**Maintenance**

nn) The accessible features of the facilities are not maintained, creating barriers to access for the Plaintiffs, as set forth herein, in violation of 28 CFR §36.211.

oo) The accessible guest rooms are not dispersed among the various accommodations offered.

15. The foregoing violations also violate the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

16. The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiffs, and all other individual members of the Plaintiff organization similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facility, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiffs, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17. Defendant has discriminated against the Plaintiff organization and member Steven Fisher by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public

accommodation or commercial facilities in violation of 42 U.S.C. " 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between Plaintiffs and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

19. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

20. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible

9

to and useable by individuals with disabilities as defined by the ADA.

21. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

22. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter DoubleTree by Hilton Hotel Salt Lake City Airport to make the facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or

procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

      c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

      d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Date: March 4, 2019

Respectfully submitted,

_____
Carolyn Perkins, Esq. (13469)
Law Offices of Carolyn Perkins
P.O. Box 52704
Salt Lake City, Utah 84106
Telephone: (801) 405-9954
E-mail: cperkins@12law.com

Lawrence A. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone:(305) 891-5199
Facsimile: (305) 893-9505
E-mail: Lfuller@fullerfuller.com

*Counsel for Plaintiffs, STEVEN FISHER and ACCESS 4 ALL, INC.*